FILED

UNITED STATES DISTRICT COURT 23  P 12: 46
DISTRICT OF CONNECTICUT

CAROLYN HARRIGAN                                :

                     Plaintiff                         :

                                                       :    No. 03-CV-462 (WWE)
VS.                                                    :

                                                       :
FREDERICK HENRY WOOD, JR. and
RUDY KNIGHT
                     Defendants                     :    February 19, 2004

## MOTION TO DETERMINE SUFFICIENCY OF RESPONSES TO REQUESTS TO ADMIT

The Plaintiff in the above-entitled matter, in accordance with Rule 36(a) of the Federal

Rules of Civil Procedure, hereby moves this court to determine the sufficiency of the defendant

Frederick Henry Wood, Jr.'s responses dated December 18, 2003 to requests to admit dated

October 21, 2003.

Numerous responses to these requests are not in accordance with the requirements of

Rule 36(a) of the Federal Rules of Civil Procedure including Requests to Admit #10, 11, 22, 25,

40, 41, 42, 43, 44, 45 and 46, all as set forth below.

1.      **Request to Admit #10 states**:

        10. On February 6, 2003, at the time of the collision, the traffic control
        signal controlling traffic traveling in a westerly direction on Meriden-
        Waterbury Road was green for traffic traveling in that direction.

The defendant responded:

        "The defendant is unable to state with certainty what color the light was.
        The defendant could not see the light at the time of the accident.

1

Therefore, because the defendant cannot admit, he denies so as to
prevent admission of fact."

The defendant's response is evasive and essentially states that he cannot admit or deny.

In such case, the defendant must acknowledge that he has made reasonable inquiry and that "the

information known or readily obtainable by the [defendant] is insufficient to enable the

[defendant] to admit or deny".    The sequencing of the light is not only readily available to this

defendant, but has been provided to him by this plaintiff.  This response, therefore, is insufficient

and the court is asked to order that an amended answer that complies with Rule 36 be served.

2.       **Request to Admit #11 states**:

11.  On February 6, 2003, at the time of the collision, the traffic control
signal controlling traffic traveling in an easterly direction on Meriden-
Waterbury Road was green for traffic traveling in that direction.

The defendant responded:

"The defendant is unable to state with certainty what color the light was.
The defendant could not see the light at the time of the accident.
Therefore, because the defendant cannot admit, he denies so as to
prevent admission of fact."

The defendant's response is evasive and essentially states that he cannot admit or deny.

In such case, the defendant must acknowledge that he has made reasonable inquiry and that "the

information known or readily obtainable by the [defendant] is insufficient to enable the

[defendant] to admit or deny".    This information is readily available to the defendant.  This

response, therefore, is insufficient and the court is asked to order that an amended answer which

complies with Rule 36 be served.

2

3.    **Request to Admit #22 states:**

"22.  On February 6, 2003 at or about 6:46 p.m., FHW had an obligation under the rules of the road of the State of Connecticut to yield the right of way to a vehicle approaching so close as to constitute an immediate hazard."

The defendant responded:

"Denied as phrased.  Under the circumstances that night, FW had the right of way."

The defendant's response is evasive.  This is an answer that conveys absolutely no meaning.  This response, therefore, is insufficient and the court is asked to order that an amended answer which complies with Rule 36 be served.

4.    **Request to Admit #25 states:**

25.    If FHW had seen the Harrigan vehicle approaching, he would not have pulled into the path of the Harrigan vehicle.

The defendant responded:

"This defendant is unable to admit or deny as he had a green arrow when he started his turn.  Therefore, because the defendant cannot admit, he denies so as to prevent admission of fact."

The defendant's response is evasive and essentially states that he cannot admit or deny.

In such case, the defendant must acknowledge that he has made reasonable inquiry and that "the

information known or readily obtainable by the [defendant] is insufficient to enable the

[defendant] to admit or deny".   This response, therefore, is insufficient and the court is asked to

order that an amended answer that complies with Rule 36 be served.

5.    **Request to Admit #40 states**:

> 40.        The point of the impact between the plaintiff's Toyota and the defendant's tractor trailer truck, the defendant's tractor trailer truck had proceeded six feet into CH's lane of travel.

The defendant responded:

> "This defendant is unable to admit or deny as he is unable to approximate in feet.  This defendant was beyond the center lane of the three westbound lanes when the impact occurred.  Therefore, because the defendant cannot admit, he denies so as to prevent admission of fact."

The defendant's response is evasive and essentially states that he cannot admit or deny.

In such case, the defendant must acknowledge that he has made reasonable inquiry and that "the

information known or readily obtainable by the [defendant] is insufficient to enable the

[defendant] to admit or deny".   The defendant was personally present.  This response, therefore,

is insufficient and the court is asked to order that an amended answer that complies with Rule 36

be served.

6.    **Request to Admit #41 states**:

> 41.    At the point of the impact between the plaintiff's Toyota and the defendant's tractor trailer truck, the defendant's tractor trailer truck had proceeded seven feet into CH's lane of travel.

The defendant responded:

> "This defendant is unable to admit or deny as he is unable to approximate in feet.  This defendant was beyond the center lane of the three westbound lanes when the impact occurred.  Therefore, because the defendant cannot admit, he denies so as to prevent admission of fact."

The defendant's response is evasive and essentially states that he cannot admit or deny. In such case, the defendant must acknowledge that he has made reasonable inquiry and that "the information known or readily obtainable by the [defendant] is insufficient to enable the [defendant] to admit or deny". The defendant was obviously personally present. This response, therefore, is insufficient and the court is asked to order that an amended answer that complies with Rule 36 be served.

7.    **Request to Admit #42 states:**

> 42.    At the point of the impact between the plaintiff's Toyota and the defendant's tractor trailer truck, the defendant's tractor trailer truck had proceeded eight feet into CH's lane of travel.

The defendant responded:

> ""This defendant is unable to admit or deny as he is unable to approximate in feet. This defendant was beyond the center lane of the three westbound lanes when the impact occurred. Therefore, because the defendant cannot admit, he denies so as to prevent admission of fact."

The defendant's response is evasive and essentially states that he cannot admit or deny. In such case, the defendant must acknowledge that he has made reasonable inquiry and that "the information known or readily obtainable by the [defendant] is insufficient to enable the [defendant] to admit or deny". The defendant was personally present. This response, therefore, is insufficient and the court is asked to order that an amended answer that complies with Rule 36 be served.

8.    **Request to Admit #43 states:**

43.    At the point of the impact between the plaintiff's Toyota and the defendant's tractor trailer truck, the defendant's tractor trailer truck had proceeded nine feet into CH's lane of travel.

The defendant responded:

"This defendant is unable to admit or deny as he is unable to approximate in feet. This defendant was beyond the center lane of the three westbound lanes when the impact occurred. Therefore, because the defendant cannot admit, he denies so as to prevent admission of fact."

The defendant's response is evasive and essentially states that he cannot admit or deny. In such case, the defendant must acknowledge that he has made reasonable inquiry and that "the information known or readily obtainable by the [defendant] is insufficient to enable the [defendant] to admit or deny". The defendant was personally present. This response, therefore, is insufficient and the court is asked to order that an amended answer that complies with Rule 36 be served.

9.    **Request to Admit #44 states:**

44.    At the point of the impact between the plaintiff's Toyota and the defendant's tractor trailer truck, the defendant's tractor trailer truck had proceeded ten feet into CH's lane of travel.

The defendant responded:

"This defendant is unable to admit or deny as he is unable to approximate in feet. This defendant was beyond the center lane of the three westbound lanes when the impact occurred. Therefore, because the defendant cannot admit, he denies so as to prevent admission of fact."

The defendant's response is evasive and essentially states that he cannot admit or deny. In such case, the defendant must acknowledge that he has made reasonable inquiry and that "the information known or readily obtainable by the [defendant] is insufficient to enable the [defendant] to admit or deny". The defendant was personally present. This response, therefore, is insufficient and the court is asked to order that an amended answer that complies with Rule 36 be served.

10.    **Request to Admit #45 states:**

"45. At the point of the impact between the plaintiff's Toyota and the defendant's tractor trailer truck, the defendant's tractor trailer truck had proceeded eleven feet into CH's lane of travel."

The defendant responded:

"This defendant is unable to admit or deny as he is unable to approximate in feet. This defendant was beyond the center lane of the three westbound lanes when the impact occurred. Therefore, because the defendant cannot admit, he denies so as to prevent admission of fact."

The defendant's response is evasive and essentially states that he cannot admit or deny. In such case, the defendant must acknowledge that he has made reasonable inquiry and that "the information known or readily obtainable by the [defendant] is insufficient to enable the [defendant] to admit or deny". The defendant was personally present. This response, therefore, is insufficient and the court is asked to order that an amended answer that complies with Rule 36 be served.

7

11.    **Request to Admit #46 states:**

    46.    At the point of the impact between the plaintiff's Toyota and the defendant's tractor trailer truck, the defendant's tractor trailer truck had proceeded twelve feet into CH's lane of travel.

The defendant responded:

    "This defendant is unable to admit or deny as he is unable to approximate in feet. This defendant was beyond the center lane of the three westbound lanes when the impact occurred. Therefore, because the defendant cannot admit, he denies so as to prevent admission of fact."

The defendant's response is evasive and essentially states that he cannot admit or deny. In such case, the defendant must acknowledge that he has made reasonable inquiry and that "the information known or readily obtainable by the [defendant] is insufficient to enable the [defendant] to admit or deny". The defendant was personally present. This response, therefore, is insufficient and the court is asked to order that an amended answer that complies with Rule 36 be served.

WHEREFORE, the Plaintiff requests that the Court determine that the answers to the foregoing requests to admit are insufficient and order that amended answers that comply with Rule 36 of the Federal Rules of Civil Procedure be served upon the plaintiff by the defendant.

THE PLAINTIFF,

BY _____

Vincent T. McManus, Jr.,
Vincent T. McManus, Jr. P.C.
116 South Main Street
Wallingford, CT 06492
203-269-1111 / 203-265-0625 fax #
Fed. Bar #05503

8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CAROLYN HARRIGAN                            :
       Plaintiff                                                    :
                                      :  No. 03-CV-462 (WWE)
VS.                                                           :
                                       :
FREDERICK HENRY WOOD, JR. and
RUDY KNIGHT
       Defendants    :    February 19, 2004

**CERTIFICATE OF MAILING**

      This is to certify that a copy of the attached Motion to Determine Sufficiency has been
mailed, postage prepaid, on the above date, to:

Thomas Noniewicz, Esq.
Sizemore Law Offices
6 Devine Street
North Haven, CT 06473

THE PLAINTIFF,

BY_____
    Vincent T. McManus, Jr.,
    Vincent T. McManus, Jr. P.C.
    116 South Main Street
    Wallingford, CT 06492
    203-269-1111 / 203-265-0625 fax #
    Fed. Bar #05503